UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MRINAL THAKUR,<br><br>    Plaintiff,<br><br>v.<br><br>ERIC BETZIG et al.,<br><br>    Defendants. | Case No. 3:17-cv-06603-JD<br><br>**ORDER RE DISMISSAL**<br><br>Re: Dkt. No. 41 |

Plaintiff Thakur is on the mechanical engineering faculty at Auburn University. He alleges that defendants Betzig and Moerner won the 2014 Nobel Prize in Chemistry in part by plagiarizing an equation he developed for microscopy. He alleges that defendants Howard Hughes Medical Institute ("HHMI") and Stanford University failed to properly train and supervise the Nobel prize winners to prevent plagiarism. Defendants move to dismiss Thakur's first amended complaint, Dkt. No. 30, under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 41. The motion is granted.[1]

## LEGAL STANDARDS

The standards governing defendants' motion to dismiss are well-established. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To meet that rule and survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This does not

---

[1] Thakur's opposition to the motion, Dkt. No. 43, exceeded the Court's page limits in the Standing Order for Civil Cases. The parties are advised that any future filings that fail to conform to the Standing Order will be stricken from the docket.

impose a probability requirement at the pleading stage. "[I]t simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the conduct challenged by plaintiff. *Id*. at 556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations in the complaint must be sufficiently clear and concrete to give the defendant an "idea [of] where to begin" in preparing a response to the complaint. *Twombly*, 550 U.S. at 565 n.10. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court treats the plaintiffs' factual allegations as true and draws all reasonable inferences in plaintiffs' favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). But it will not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quotation omitted). If the complaint is dismissed, an opportunity to amend will be provided unless the Court determines that no cure is possible by new allegations of fact. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

To the extent the amended complaint seeks to allege claims that sound in fraud, Rule 9(b) also applies. *Jones v. Progressive Cas. Ins. Co.*, No. 16-cv-06941-JD, 2018 WL 4521919, at *2 (N.D. Cal. Sept. 19, 2018). Rule 9(b) requires that a party "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A "pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *United States ex rel. Anita Silingo v. WellPoint, Inc.*, 904 F.3d 667, 677 (9th Cir. 2018) (internal quotation and citation omitted); *see also McLellan v. Fitbit, Inc.*, No. 3:16-cv-00036-JD, 2018 WL 2688781, at *1 (N.D. Cal. June 5, 2018).

**DISCUSSION**

The gravamen of the complaint is that defendants "plagiarized" and used Thakur's "equation 3" without giving him credit for his work. *See* Dkt. No. 30 at ¶¶ 10-11, 14-15; Dkt. No.

43 at 7-8. Thakur acknowledges that his work is not a trade secret and is not copyrightable. Dkt. No. 43 at 7, 22. Even so, he attempts to state claims for fraud and suppression, negligence, wantonness, negligent training and supervision, unjust enrichment, conversion, plagiarism, and a violation of the California Uniform Trade Secrets Act ("CUTSA"). Dkt. No. 30.

The problem with the amended complaint is that it does not allege facts that might state a plausible claim on any of these grounds against any of the defendants. The scope of what's missing is substantial. For example, the amended complaint does not provide any facts establishing: (1) the nature of equation 3 and Thakur's authorship of it; (2) defendants' use of equation 3 or any other work by Thakur; or (3) that any of the conduct Thakur sketches affected the Nobel Prize committee in any way. The amended complaint is long on conclusory allegations and almost devoid of material statements of fact. That will not do under Rule 8 to put defendants on fair notice of what they need to respond to in this case.

An even greater concern is that the story told in the amended complaint is inherently implausible. Thakur in effect contends that defendants won a Nobel Prize based on a failure to credit his work or equation 3. That is an extremely improbable proposition. Common sense advises that Nobel Prizes are awarded on the basis of a rigorous examination of scientific contributions by experts in the field, and the consideration of a multitude of variables. Even accepting the allegations in the amended complaint as true and giving Thakur every benefit of the doubt, it is impossible to tell how any of this had any bearing on the 2014 Chemistry Prize or that Thakur was injured in any legally cognizable way. The amended complaint certainly provides no facts that might make his extraordinary theory a realistic possibility.

That is enough to warrant dismissal, but there are other deficiencies as well. None of the elements of fraud are pleaded with the specificity demanded by Rule 9(b). The negligence claims fail to state a cognizable duty of care and breach by defendants. *See T.H. v. Novartis Pharm. Corp.*, 4 Cal. 5th 145, 163 (2017). The unjust enrichment claim is not supported by plausible facts and in any event is better viewed as a remedy and not a freestanding cause of action. *See Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). While the Court may construe an unjust enrichment claim as a quasi-contract claim for restitution, *id.*, Thakur has not alleged facts

3

1  showing a basis for a quasi-contract theory. Under California law, the torts of conversion and
2  plagiarism do not apply to ideas. *See Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779,
3  793 (2003); *Klekas v. EMI Films, Inc.*, 150 Cal. App. 3d 1102, 1111 (1984).

4  Finally, the existence of a trade secret is an essential element of a CUTSA claim. *See, e.g.*,
5  *Integral Dev. Corp. v. Tolat*, 675 Fed. Appx. 700, 702 (9th Cir. 2017) (citing *Silvaco Data Sys. v.*
6  *Intel Corp.*, 184 Cal. App. 4th 210 (2010)). After conceding that his work product is not a trade
7  secret, Thakur cannot allege a CUTSA claim.

## CONCLUSION

The amended complaint is dismissed. While the Court has substantial doubt about the efficacy of another pleadings round, plaintiff will have one final opportunity to allege a plausible case. If he chooses to do so, plaintiff may file a second amended complaint within 14 days of the date of this order. The case remains stayed in all other respects.

**IT IS SO ORDERED.**

Dated: May 22, 2019

JAMES DONATO
United States District Judge

4